# Wood, Appellant, *v.* Harris.

*Statute of limitations—Assignment for creditors—Allowance of dividend.*

The allowance of a dividend out of an assigned estate and the payment thereof by the assignee will not toll the statute of limitation, either as an implied promise to pay or as an adjudication of the debt. No new promise by the assignor can be implied from the act of the assignee and the adjudication by an auditor is against a particular fund only.

Argued April 25, 1905. Appeal, No. 37, Jan. T., 1905, by plaintiff, from judgment of C. P. Cumberland Co., Feb. T., 1904, No. 182, for defendant non obstante veredicto in case of Walter A. Wood Mowing and Reaping Machine Company v. Samuel J. Harris. Before MITCHELL, C. J., DEAN, FELL, BROWN and ELKIN, JJ. Affirmed.

Assumpsit for a debt originally evidenced by promissory notes. Before BIDDLE, P. J.

From the record it appeared that in 1888, the firm of Samuel J. Harris & Brothers made an assignment for creditors. The assignee filed an account which was confirmed by the court, and a balance was distributed among the creditors in 1890. The plaintiff as a creditor of Samuel J. Harris individually and of the firm of S. J. Harris & Brother received a dividend on certain promissory notes held by it. The present suit was brought to recover the balance due on the notes. The plaintiff contended that the adjudication of the auditor, confirmed by the court, made the balance due a debt of record, and that the statute of limitations therefore did not apply.

Verdict for plaintiff subject to question of law reserved.

On a motion for a judgment non obstante veredicto BIDDLE, P. J., filed an opinion which was in part as follows :

The plea of the statute of limitations in this case must prevail under the authority of Light's Estate, 136 Pa. 211. It was there held that the allowance of a dividend out of an assigned estate, and the payment thereof by the assignee, do not toll the statute, either as an implied promise to pay or as an adjudication of the debt. No new promise of the assignor can be implied from the act of the assignee, and the adjudication by an auditor is against a particular fund only. The foregoing decision has never been in any respect modified, so far as we know, and it is therefore controlling in the disposing of the pending question.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*F. H. Hoffer,* for appellant.

*E. M. Biddle, Jr.,* for appellee, was not heard.

PER CURIAM, June 22, 1905 :

This judgment is affirmed on that part of the opinion of the court below which relates to the statute of limitations.